# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT HUNT,

    Plaintiff,

vs.

ACCESS VEGAS II, LLC, a Delaware Foreign Limited Liability Company, dba HARBOR ISLAND APARTMENT,

    Defendant.

Case No. 2:15-cv-01125-JCM-GWF

**ORDER AND REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Sanctions (ECF No. 21) filed on May 31, 2016. Also before the Court is Defendant's Supplement to its Motion for Sanctions (ECF No. 24), filed on June 22, 2016. Plaintiff did not file an opposition to these motions and the time for opposition has now expired. The Court conducted a hearing in this matter on July 29, 2016. Plaintiff did not appear at the hearing.

## BACKGROUND

This is a personal injury action stemming from a slip and fall at Defendant's place of business on May 1, 2013. On October 1, 2015, the Court entered a Scheduling Order (ECF No. 12) setting the discovery deadline for May 12, 2016. Pursuant to the parties' stipulation, the discovery deadline was extended to November 18, 2016. *See Order* (ECF No. 18). Defendant represents that from approximately January 2016 through May 2016, it noticed and re-noticed Plaintiff's deposition eight (8) times and entered two (2) non-appearances. *See Motion for Sanctions* (ECF No. 21), pgs. 8–9. Following several continuances and after being approximately ninety (90) minutes late, Plaintiff appeared at his deposition on April 25, 2016. *Id.* at 9. However, after three (3) hours of questioning, Plaintiff's mental state deteriorated so badly that the deposition had to be terminated and continued to April 27, 2016. *Id.* Plaintiff failed to appear on April 27, 2016 and Defendant

entered a non-appearance on the record. *Id.* Thereafter, Plaintiff's deposition was re-noticed for May 4, 2016 and then again re-noticed for May 5, 2016. *Id.* On May 5, 2016, approximately ten (10) minutes after Plaintiff's deposition was scheduled to commence, Plaintiff's counsel advised that Plaintiff would not be attending due to a purported illness. *Id.* Defendant entered second a non-appearance on the record. *Id.* On May 25, 2016, Plaintiff's counsel filed a Motion to Withdraw (ECF No. 20), which the Court granted on June 14, 2016. *See Order* (ECF No. 23). Defendant states that it has not received any communication from Plaintiff regarding his availability to complete his deposition.

In addition to Plaintiff's failure to appear for his deposition, Defendant represents that Plaintiff failed to respond to Defendant's written discovery requests and appear for a scheduled Independent Medical Examination. Defendant served Plaintiff with interrogatories, requests for production of documents, and requests for admission on April 25, 2016. *See Supplement to Motion for Sanctions* (ECF No. 24), pg. 3. Plaintiff failed to respond to Defendant's written discovery requests. *Id.* Defendant also served Plaintiff with a Notice of Plaintiff's Independent Medical Examination Pursuant to FRCP 35 on May 19, 2016 to proceed on June 15, 2016. *Id.* Again, Plaintiff did not object to this notice; nor did he attend the examination. *Id.* Due to Plaintiff's continued failure to participate in discovery, Defendant filed the instant Motion for Sanctions (ECF No. 21) and Supplement (ECF No. 22) requesting that the Court sanction Plaintiff by striking Plaintiff's complaint for failure to meaningfully participate in discovery.

## DISCUSSION

Federal Rule of Civil Procedure 37(b)(2)(A)(iii)-(v) provides that courts may strike a complaint or dismiss an action if the plaintiff fails to obey an order to provide or permit discovery. Rule 37(d)(3) provides the same recourse if a party fails to appear for its deposition. Rule 37(d)(3) also provides that the "court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make the award unjust." Where the drastic sanctions of dismissal or default are imposed, however, the range of discretion is narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith. *Fjelstad v.*

*American Honda Motor Co.*, 762 F.2d 1334, 1340 (9th Cir.1985).  Disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault.  *Fjelstad*, 762 F.2d at 1341.  Because the sanction of dismissal is drastic, courts must weigh five factors before entering default: (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Malone v. United States Postal Service*, 833 F.2d 128, 130 (9th Cir.1987).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus the key factors are prejudice and the availability of lesser sanctions."  *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir.1990).

      The first two factors favor dismissing this case.  Plaintiff's failure to appear for his continued deposition, failure to appear at his Independent Medical Examination, failure to respond to Defendant's written discovery requests, and failure to respond to and appear for the hearing on Defendant's Motion for Sanctions suggest that Plaintiff has abandoned this case and has no intention of following Court orders and the Local Rules.  Moreover, Defendant afforded Plaintiff every opportunity to appear for his deposition and he still failed to do so or provide an adequate justification for his failures to appear.

      The third factor also supports terminal sanctions.  In particular, the inability to obtain discovery from Plaintiff is greatly prejudicial because it prevents Defendant from mounting an adequate defense.  *See, e.g., Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (upholding the third factor when the admonished party's conduct was such that it made it impossible for the opposing party to adequately prepare itself for trial).  Defendant has spent considerable time and resources to conduct Plaintiff's deposition and obtain written discovery responses from Plaintiff, all to no avail.  Plaintiff brought this action, and Defendant cannot be expected to spend additional resources to force him to properly litigate it.  *See, e .g., Scarborough v. Eubanks*, 747 F.2d 871, 876 (3rd Cir.1984) (prejudice includes "irremediable burdens or costs imposed on the opposing party"); *Chism v. National Heritage Life Insurance Co.*, 637 F.2d 1328, 1331 (9th Cir.1981) (indicating that defendant had been prejudiced by plaintiff's continual flouting of discovery rules, failure to comply

with pretrial conference obligations, and repeated violations of local court rules).

Finally, there are no less drastic sanctions available that would suffice to move this case forward.  Plaintiff's participation in this case has been very minimal and his failure to attend his deposition, the Independent Medical Examination, and failure to respond to Defendant's written discovery requests are clearly willful and support a finding of bad faith.  Due to his attorney's withdraw, Plaintiff is now representing himself and it is therefore unlikely a monetary sanction would have any effect.  The Court could also strike other pleadings or deem certain allegations admitted; but again, owing to Plaintiff's previous activity in this case, it is doubtful that such sanctions would result in anything other than additional motion practice by Defendant.  Finally, the Court afforded Plaintiff the opportunity to contest Defendant's Motion for Sanctions and Supplement thereto and provide a reasonable explanation for his dilatory behavior.  Plaintiff did not do so.  Therefore, having balanced the five *Malone* factors, the Court finds that they weigh in favor of terminal sanctions. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sanctions (ECF No. 21) and Supplement to its Motion for Sanctions (ECF No. 24) are **granted** with respect to Defendant's request for an award of expenses, including attorney's fees incurred in bringing the Motion for Sanctions and Supplement thereto, and for Plaintiff's failure to appear at his continued deposition.

**IT IS FURTHER ORDERED** that  Counsel for Defendant shall, no later than 15 days from entry of this order, serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorney's fees and costs incurred in the motions addressed in this order.  The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the customary fee of the attorney(s) or staff member(s) for such work, and the experience, reputation and ability of the attorney performing the work.  The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

**IT IS FURTHER ORDERED** that Plaintiff shall have 14 days from service of the memorandum of costs and attorney's fees in which to file a responsive memorandum addressing the

reasonableness of the costs and fees sought, and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

**IT IS FURTHER ORDERED** that Counsel for Defendant shall have 7 days from service of the responsive memorandum in which to file a reply.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Sanctions (ECF No. 21) and Supplement to its Motion for Sanctions (ECF No. 24) be **granted**, and that Plaintiff's Complaint (ECF No. 1-3) be **dismissed** with prejudice.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn,* 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 5th day of August, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge