# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

ROBERT HUNT,

          Plaintiff,

vs.

ACCESS VEGAS II, LLC, a Delaware Foreign Limited Liability Company, dba HARBOR ISLAND APARTMENT,

          Defendant.

Case No. 2:15-cv-01125-JCM-GWF

**ORDER**

This matter is before the Court on Defendant's Affidavit in Support of Attorney's Fees and Expenses (ECF No. 30) and Bill of Costs (ECF No. 29), filed on August 23, 2016. To date, Plaintiff has not filed an opposition to this motion and the time for opposition has now expired.

## BACKGROUND

This is a personal injury action stemming from a slip and fall at Defendant's place of business on May 1, 2013. On May 31, 2016, Defendant filed a motion for sanctions that sought to sanction Plaintiff's for his failure to appear at his noticed and re-noticed depositions as well as for Plaintiff's failure to respond to Defendant's written discovery requests and failure to appear for a scheduled Independent Medical Examination.[1] *See Motion for Sanctions* (ECF No. 21). On August 8, 2016, the Court granted Defendant's request for monetary sanctions relating to bringing Defendant's motion for sanctions and recommended that terminal sanctions be imposed by the District Judge. *See Order and Report and Recommendation* (ECF No. 28). In compliance with that order, Defendant filed its Affidavit in Support of Attorney's Fees and Expenses along with its Bill of Costs, requesting reimbursement of fees and costs in the amount of $6,536.90.

---

[1] See the Court's Order and Report and Recommendation (ECF No. 28) for a more in-depth description of the factual basis for Defendant's motion for sanctions.

DISCUSSION

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895–96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Defendant requests reimbursement of $6,022.60 in attorney's fees based on 37.5 hours of work performed in noticing, re-noticing, and attending Plaintiff's deposition, as well as in drafting and arguing Defendant's Motion for Sanctions and Supplement thereto. According to Defendant's counsel's affidavit, that amount is based on 2.7 hours of work performed by Sean D. Allen, Esq., at an hourly rate of $178.00, 6.3 hours of work performed by Marlys C. McGrew, Esq., at an hourly rate of $165.00, 26.0 hours of work performed by April R. Bradshaw, Esq., at an hourly rate of $165.00, and 2.5 hours of work performed by paralegals Andrea S. West and Patricia M. Evans-Rodriguez at an hourly rate of $85.00. After reviewing defense counsel's Affidavit and corresponding exhibit, the Court finds that Defendant has provided sufficient evidence showing that these hourly rates are reasonable. However, the Court believes that 37.5 hours of attorney and paralegal labor is excessive. The Court finds that the work involved in preparing for and attending Plaintiff's noticed and re-noticed depositions, as well as preparing for and arguing the motion for

sanctions (including the supplement and notice of non-opposition) should reasonably take no more than 30 hours of attorney and paralegal labor.  As a result, the Court will award reasonable attorneys' fees associated with bringing the Motion for Sanctions in the amount of $480.60 (2.7hrs x $178.00), $4,092 (24.8hrs x. $165.00), and $212.50 (2.5hrs x $85) for a total of $4,785.10.

Defendant also requests reimbursement of costs in the amount of $514.30 associated with bring the motion for sanctions.  These costs include obtaining the transcripts from the noticed and re-noticed depositions of Plaintiff.  The Court finds that Defendant's request is reasonable and will therefore award Defendant a total of $514.30 in costs. Thus, the Court will award attorney's fees in the amount of $4,785.10 and costs in the amount of $514.30 for a total of $5,299.40.  The relevant factors are subsumed in this calculation of the reasonable attorneys' fees and costs, and there are no other exception circumstances which warrant enhancement or reduction of the fees.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Affidavit in Support of Attorney's Fees and Expenses (ECF No. 30) is **granted**.  Plaintiff is ordered to pay Defendant the total sum of $5,299.40.  Plaintiff is ordered to make the payment by **October 7, 2016**.

DATED this 7th day of September, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge