UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT HUNT, | Case No. 2:15-CV-1125 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| ACCESS VEGAS II, LLC, | |
| Defendant(s). | |

Presently before the court is Magistrate Judge Foley's report and recommendation that defendant Access Vegas II, LLC's motion for sanctions (ECF No. 21) and supplement to its motion for sanctions (ECF No. 24) be granted.[1]  (ECF No. 28).  Magistrate Judge Foley further recommends that plaintiff Robert Hunt's complaint (ECF No. 1-3) be dismissed with prejudice. (ECF No. 28).  Plaintiff has not filed a timely objection to the report and recommendation.

On May 31, 2016, defendant filed a motion for sanctions pursuant to Federal Rule of Civil Procedure 37, and defendant later filed a supplement to that motion.  (ECF Nos. 21, 24).  Defendant first indicates that plaintiff had not appeared for his depositions and that it had—on several occasions—needed to renotice the deposition.  (ECF No. 21).  Further, defendant alleges that plaintiff has not responded to written discovery requests or a request for physical examination. (ECF No. 24).  Defendant argues that: (1) sanctions pursuant to Federal Rule of Civil Procedure 37(d) are warranted due to plaintiff's recalcitrance during the discovery process; (2) plaintiff's actions were willful and done in bad faith; and (3) a consideration of the five factors in *Henry v. Gill Industries*, suggests that plaintiff's complaint should be dismissed.  *See* 983 F.2d 943 (9th Cir. 1993); *see also* (ECF No. 21).  Plaintiff did not file a response to this motion.

---

[1] Defendant does business as Harbor Island Apartments.

**James C. Mahan**
**U.S. District Judge**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party fails to object to a magistrate judge's report and recommendation, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna–Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection.").

Nevertheless, this court finds it appropriate to engage in a *de novo* review to determine whether to adopt the recommendation of the magistrate judge.

The magistrate judge properly considered Federal Rule of Civil Procedure 37(b)(2)(A)(iii) and (d)(3), which authorize a court to impose a sanction by "striking pleadings in whole or in part" if a party does not "provide or permit discovery." *See* (ECF No. 28). Moreover, the magistrate judge accurately assessed the following five factors:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

*Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987); *see also* (ECF No. 28).

Upon review, this court agrees with the magistrate judge that the first three factors favor this case's dismissal. (ECF No. 28). This court further concurs with the magistrate judge that there are no less drastic sanctions that would advance the case. (*Id.*). Based on the plaintiff's failure to: (1) appear for his depositions; (2) respond to discovery requests; (3) respond to defendant's motion for sanctions; and (4) object to the present report and recommendation, it is apparent that plaintiff is willfully not participating in a case that he initiated. *See Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011); (ECF Nos. 21, 24). Therefore, dismissal of the complaint is an appropriate sanction in this case. Fed. R. Civ. P. 37(b)(2)(A)(iii) and (d)(3).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 2 -

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the report and recommendation of Magistrate Judge Foley (ECF No. 28) be, and the same hereby are, ADOPTED in their entirety.

The clerk shall enter judgment accordingly and close the case.

DATED December 19, 2016.

_____
UNITED STATES DISTRICT JUDGE